IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA ROSA RIOS, individually and
on behalf of her minor child, J.R.,
DANIEL RIOS, SR., DANIEL RIOS, JR.,
ROSA ROJANO, and MARIA HERNANDEZ,

      Plaintiffs,

v.

                                Civil No: *15·CV·586*
                                JURY TRIAL DEMANDED

GABRIEL VEGA, FERNANDO VISCARRA,
ISIDRO GONZALEZ, individually, and
in their official capacities as law enforcement
officers with the Otero County Sheriff's Office,

      Defendants.

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983, STATE TORT CLAIMS, PUNITIVE DAMAGES, AND ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §1988

COME NOW, Plaintiffs, ROSA RIOS, individually and on behalf of her minor child, J.R., DANIEL RIOS, SR., DANIEL RIOS, JR., ROSA ROJANO, and MARIA HERNANDEZ, by and through undersigned counsel, and bring this complaint for violations of civil rights, state tort claims, punitive damages, and attorney's fees and as grounds therefore, states as follows:

### JURISDICTION AND VENUE

1.    This is a civil rights claim brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, therefore this Court has jurisdiction over this action pursuant to 28 U.S.C. §1343 and supplemental jurisdiction over the state tort claims pursuant to 28 U.S.C. §1367.

2.    All parties to this action reside in either Dona Ana County, New Mexico or Otero County, New Mexico and all acts complained of herein occurred in Otero County, New

1

Mexico. Therefore, lawful venue for this case lies within this court and this federal district.

## PARTIES

3.      Defendant, Gabriel Vega, (*hereinafter "SGT Vega"*), upon information and belief, is a resident of either Otero or Dona Ana County, New Mexico, and at the time of the incident that gave rise to this Complaint, was a deputy with the Otero County Sheriff's Office in Alamogordo, Otero County, New Mexico.

4.      Defendant, Fernando R. Viscarra (*hereinafter "Deputy Viscarra"*), upon information and belief, is a resident of either Otero or Dona Ana County, New Mexico, and at the time of the incident that gave rise to this Complaint, was a deputy with the Otero County Sheriff's Office in Alamogordo, Otero County, New Mexico.

5.      Defendant, Isidro Gonzalez (*hereinafter "Deputy Gonzalez"*), upon information and belief, is a resident of either Otero or Dona Ana County, New Mexico, and at the time of the incident that gave rise to this Complaint, was a deputy with the Otero County Sheriff's Office in Alamogordo, Otero County, New Mexico.

6.      Defendants, Vega, Viscarra, and Gonzalez were at all times material to this Complaint acting under color of state law and within their scope and employment as duties and law enforcement officers and are sued in their official and individual capacities.

7.      Plaintiff Daniel Rios, Sr. (*hereinafter "Rios, Sr."*) and Plaintiff Rosa Rios (*hereinafter "Mrs. Rios"*) are the parents of Plaintiff Daniel Rios, Jr., (*hereinafter "Rios, Jr."*) who at the time of the events giving rise to this complaint was a juvenile, and their other son, a minor, J.R.

8.      Plaintiff Rosa Rojano (*hereinafter "Ms. Rojano"*) is Plaintiff Rosa Rios' elderly and infirm mother and the grandmother of Plaintiff Daniel Rios, Jr. and J.R.

9.      At the time of the actions giving rise to this Complaint, Mr. Rios, Mrs. Rios, their minor child J.R., Daniel Rios, Jr., and Ms. Rojano all lived together in their mobile home located in Chaparral, Otero County New Mexico.

10.     Plaintiff Maria Hernandez (*hereinafter "Ms. Hernandez"*) was the complaining witness in the case the defendants were investigating that gave rise to this Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.     Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 10 above as though fully set forth herein.

12.     At approximately 11:00 p.m. the night of July 10, 2013, SGT Vega was dispatched to the home of Ms. Hernandez regarding the suspected theft of two tires and rims from her property located at 127 Divine Way, Chaparral, New Mexico.

13.     When SGT Vega arrived at Ms. Hernandez' home she told him she suspected two of her son's friends had stolen tires and rims valued at two hundred ($200.00) from her property.

14.     Ms. Hernandez told SGT Vega one of her son's friends, Florentino Florez (*hereinafter "Mr. Florez"*), admitted he and Rios, Jr., stole the tires and rims.

15.     Based on what Ms. Hernandez told him, SGT Vega and Ms. Hernandez went to Mr. Florez' home located a few doors down at 143 Divine, Chaparral, New Mexico.

16.     SGT Vega and Ms. Hernandez arrived at Mr. Florez' house shortly after 11:00 p.m.

17.     When he arrived at Mr. Florez' house, SGT Vega interviewed Mr. Florez.

3

18.   Mr. Florez told SGT Vega he and Rios, Jr., previously stole the tires and rims from Ms. Hernandez' property.

19.   Mr. Florez also told SGT Vega that he and Rios, Jr., previously sold the tires and rims to a person on Broadmoor Road, in Chaparral, New Mexico.

20.   About the same time (or shortly after) SGT Vega and Ms. Hernandez arrived at Mr. Florez' home they were joined by Deputy Viscarra and Deputy Gonzalez.

21.   SGT Vega told deputies Viscarra and Gonzalez what he had been told by Ms. Hernandez and Mr. Florez.

22.   Based on Mr. Florez' statements, SGT Vega, Deputy Viscarra, Deputy Gonzalez, and Ms. Hernandez went to Plaintiffs' (the Rios') home located at 114 Irma. Chaparral, New Mexico to investigate.

23.   SGT Vega and the other deputies arrived at the Rios' home at approximately 11:30 p.m.

24.   When the deputies arrived at the Rios' home they directed Ms. Hernandez to stand next to one of their patrol cars, which she did.

25.   From where she was standing, Ms. Hernandez could see the Rios's home and the officers during the upcoming encounter and saw the entire event unfold.

26.   When SGT Vega and the deputies arrived at the Rio's home, the home was dark and quiet.

27.   When SGT Vega and the deputies arrived at the Rios' home, there was no loud music or noises nor any indicia of criminal activity.

28.     When SGT Vega and the deputies arrived at the Rios' home, they were investigating the suspected theft of tires and rims they knew were valued at two hundred dollars ($200.00), a misdemeanor.

29.     SGT Vega and the deputies arrived at the Rios' home knew they were investigating a suspected larceny, a non-violent misdemeanor.

30.     When SGT Vega and the deputies arrived at the Rios' home they knew the rims and tires had been previously sold to an unknown person on Broadmoor Road and therefore, would not be found at the Rios' home.

31.     When SGT Vega and the deputies arrived at the Rios' home, they did not have a warrant of any kind.

32.     SGT Vega and the deputies did not have probable cause to suspect anyone in the Rios' home of committing a felony offense nor exigent circumstances to justify a warrantless entry into the Rios' home.

33.     Despite a lack of a warrant, a lack of probable cause to suspect anyone in the Rios' home of committing a felony, and a lack of exigent circumstances that would justify a warrantless entry into the Rios' home, just before midnight SGT Vega and the other deputies knocked on the door to the Rios' home, to investigate the suspected misdemeanor.

34.     The Rios' home is a mobile home with a small building built one side and a small porch one must climb to access the front door.

35.     SGT Vega stepped up to the front porch to the Rios' home and knocked loudly on the front door.

36.     When the Rios, Sr. opened the door, SGT Vega asked for Rios, Jr.

5

37.   Rios, Sr. was compliant and called his son, Rios, Jr.to the door.

38.   Mrs. Rios asked SGT Vega what was going on.

39.   SGT Vega told Mrs. Rios he would be taking Rios, Jr., into investigative detention pending the completion of his investigation.

40.   Rios, Jr. asked SGT Vega if he had any proof or a Court order.

41.   Despite a lack of a warrant, SGT Vega reached several feet into the Rios' home, crossing the plane of the doorway, past Mr. and Mrs. Rios, grabbed Rios, Jr., and physically dragged him from his home.

42.   After SGT Vega dragged Rios, Jr., outside he tried pinning him against the exterior wall of his home on the small porch.

43.   As SGT Vega was attempting to pin Rios, Jr., against the wall of his home, Rios, Jr. slipped of the small porch where they were standing and fell to the ground.

44.   As he was falling to the ground, Rios, Jr. fell over a shovel that had been placed against the wall earlier after Mrs. Rios used it to kill a tarantula.

45.   About this same time, Mrs. Rios came outside and asked why the deputies were treating her son like this.

46.   The deputies then crowded the small porch and Mrs. Rios fell on top of her son.

47.   Rios, Jr. and Mrs. Rios tried getting up and the deputies then deployed their Tazers.

48.   Deputies Tazed Rios, Jr. and Mrs. Rios, who had been suffering substantial kidney problems.

49.   Mrs. Rios suffered substantial medical complications and her preexisting kidney condition was severely aggravated by the use of the Tazer.

6

50.   Deputies pinned Rios, Jr. to the ground, placed him in handcuffs, and locked him in a patrol car.

51.   During the course of these events, Rios, Sr. came outside to see what happened to his wife and son.

52.   Deputy Gonzalez immediately placed Rios, Sr. in an "arm bar' and told him to go stay away.

53.   Rios, Sr. immediately complied and stayed away from the assault the deputies were working upon his wife and son.

54.   Rios, Sr. was complaint at all times

55.   After arresting Rios, Jr., and Mrs. Rios, the deputies entered the Rios' home.

56.   Rosa Rojano, had been holding a very small child inside the house asked the deputies why they were doing this and one of them replied, "Shut up old lady" and she complied.

57.   The Rios' minor son, J.R., saw the deputies enter his home event and was terrified by the deputies' actions.

58.   J.R. grabbed his father in a bear hug.

59.   One of the deputies ripped J.R. away from his father and held him down on the couch by placing his knee in J.R.'s back.

60.   The deputies then cleared the house and area.

61.   After securing the scene the deputies arrested J.R. and Daniel Rios, Jr. and charged them with being juvenile delinquents pursuant to the New Mexico Children's Code.

7

62.     The deputies charged J.R. and Daniel Rios, Jr. with aggravated battery on a peace officer and resisting evading or obstructing an officer.  Daniel Rios, Jr. was also charged with receiving stolen property and larceny.

63.     J.R. and Daniel Rios, Jr. were taken into custody and eventually transferred to the Eddie County Juvenile Detention Center where they were J.R. was detained for a day or two and Daniel Rios, Jr. was detained for several days before being released to their parents.

64.     To cover their misconduct, the deputies charged, but did not immediately arrest, Daniel Rios, Sr., Rosa Rios, and Rosa Rojano with three counts of battery on a peace officer each and three counts of resisting, evading or obstructing an officer each.

65.     The criminal complaints the deputies filed against the Plaintiffs were identical.

66.     To cover their misconduct and silence her as a witness, the deputies arrested Ms. Hernandez, the person who called them for assistance, to get her rims back.

67.     The deputies charged Ms. Hernandez with the exact offenses the filed against the Rios and Ms. Rojano; three counts of battery on a peace officer and three counts of resisting, evading or obstructing an officer.

68.     All plaintiffs had to retain counsel to represent then in the criminal cases filed against them.

69.     The criminal cases against the adult Plaintiffs were dismissed pending outcome of a motion to suppress filed in the juvenile cases.

70.     On January 28, 2015, New Mexico District Judge Angie Schneider granted in part and denied in part the Motion to Suppress in the pending juvenile cases ruling SGT Vega violated Plaintiff Daniel Rios, Jr.'s Fourth Amendment right to be free from unreasonable

searches and seizures, when he crossed the doorway to his home and grabbed him, SGT Vega unlawfully seized Daniel Rios, Jr. when he grabbed him and pulled him from his home in violation of the Fourth Amendment, and SGT Vega placed Daniel Rios, Jr. under *de facto* arrest that evening.

71.     That same day, Judge Schneider entered extensive Findings of Fact and Conclusions of Law.

72.     In her Conclusions of Law, Judge Schneider ruled SGT Vega and the deputies lacked probable cause to suspect anyone in the Rios' home of a felony offense, the deputies lacked exigent circumstances that would justify a warrantless entry into the Rios' home, and SGT Vega violated Daniel Rios, Jr.'s Fourth Amendment rights.

73.     The State of New Mexico has appealed Judge Schneider's ruling.

74.     The State has dismissed the case against J.R.

**COUNT I**
**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. §1983; UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT**

75.     Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 74 above as though fully set forth herein.

76.     At all times herein, Defendants were acting under color of law and in their official capacities as deputies with the Otero County Sheriff's Office.

77.     At the time Defendants approached the Rios' home, they lacked probable cause to suspect anyone in the Rios home of committing a felony offense and lacked exigent circumstances that would justify a warrantless entry into the Rios home and therefore they unlawfully entered and searched the Rios' home.

78.   No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the entry into or searching the Rios' home was justified, reasonable or necessary.

79.   Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants when they illegally entered and searched the Rios' home.

80.   Plaintiffs, Daniel Rios, Sr., Rosa Rios, Daniel Rios, Jr., J.R. and Rosa Rojano have suffered damages as result of the illegal search carried out by Defendants in an amount to be proved at trial.

## COUNT II
## CIVIL RIGHTS CLAIM UNDER 42 U.S.C. §1983; UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

81.   Plaintiff's re-allege and re-incorporate the allegations set forth in paragraph 1-80 above as though fully set forth herein.

82.   At all times herein, Defendants were acting under color of law and in their official capacities as officers of the Otero County Sheriff's Office.

83.   At the time Defendants approached Daniel Rios, Jr., they were investigating a suspected non-violent misdemeanor committed outside their presence.

84.   At the time Defendants approached Daniel Rios, Jr., they did not have probable cause to suspect him of a felony offense.

85.   Therefore, the Defendants unlawfully arrested Daniel Rios, Jr.

86.     No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the arrest of Daniel Rios, Jr. was justified, reasonable or necessary.

87.     Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants when they illegally arrested Daniel Rios, Jr.

88.     Plaintiff, Daniel Rios, Jr., has suffered damages as result of the illegal arrest carried out by Defendants in an amount to be proved at trial.

## COUNT III
## CIVIL RIGHTS CLAIM UNDER 42 U.S.C. §1983: UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

89.     Plaintiff's re-allege and re-incorporate the allegations set forth in paragraph 1-88 above as though fully set forth herein.

90.     At all times herein, Defendants were acting under color of law and in their official capacities as officers of the Otero County Sheriff's Office.

91.     At the time Defendants approached J.R. they were investigating a suspected non-violent misdemeanor committed by his brother outside their presence.

92.     At the time Defendants approached J.R. they did not have probable cause to suspect him of a felony offense.

93.     Therefore, the Defendants unlawfully arrested J.R.

94.     No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the arrest of J.R. was justified, reasonable or necessary.

95.     Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants when they illegally arrested J.R.

96.     Plaintiff, J.R., has suffered damages as result of the illegal arrest carried out by Defendants in an amount to be proved at trial.

**COUNT IV**
**CIVIL RIGHTS CLAIM UNDER 42 U.S.C. §1983; UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT**

97.     Plaintiff's re-allege and re-incorporate the allegations set forth in paragraph 1-96 above as though fully set forth herein.

98.     At all times herein, Defendants were acting under color of law and in their official capacities as officers of the Otero County Sheriff's Office.

99.     During the course of conduct that gave rise to this Complaint, Plaintiff Maria Hernandez, was the complaining witness who called the Defendants for help recovering her stolen tires and rims.

100.    During the course of conduct that gave rise to this complaint, the Defendants were investigating a suspected non-violent misdemeanor in which Plaintiff Maria Hernandez was the alleged victim.

101.    During the course of conduct that gave rise to this complaint, the Defendants arrested Plaintiff Maria Hernandez, charging her with the identical felonies they filed against the other adult plaintiffs in this matter in order to silence her as a witness against them.

12

102.    At the time Defendants approached Maria Hernandez they did not have probable cause to suspect her of a felony offense.

103.    Therefore, the Defendants unlawfully arrested Maria Hernandez.

104.    No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the arrest of Maria Hernandez was justified, reasonable or necessary.

105.    Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants when they illegally arrested Maria Hernandez.

106.    Plaintiff, Maria Hernandez, has suffered damages as result of the illegal arrest carried out by Defendants in an amount to be proved at trial.

### COUNT V
### CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. §1983: USE OF UNNECESSARY, UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

107.    Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 106 above as though fully set forth herein.

108.    At all times herein, Defendants were acting under color of law and in their capacities as deputies of the Otero County Sheriff's Office.

109.    During the course of events that gave rise to this Complaint, the Defendants Tazed Daniel Rios, Jr. and his mother, Rosa Rios, repeatedly, causing immediate excruciating pain and permanently aggravating Mrs. Rios' pre-existing kidney condition.

110.    Defendants' use of force in Tazing Daniel Rios, Jr. and Rosa Rios was excessive and unreasonable under the circumstances.

111.   No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the force used against Daniel Rios, Jr. and Rosa Rios was justified, reasonable or necessary.

112.   Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants did when they Tazed Daniel Rios, Jr., and Rosa Rios.

113.   Plaintiffs, Daniel Rios, Jr. and Rosa Rios have suffered damages as a result of the excessive force used by Defendants in an amount to be proved at trial.

## COUNT VI
## CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. §1983; USE OF UNNECESSARY, UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

114.   Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 113 above as though fully set forth herein.

115.   At all times herein, Defendants were acting under color of law and in their capacities as deputies of the Otero County Sheriff's Office.

116.   During the course of events that gave rise to this Complaint, one the Defendants ripped J.R. from his father, placed him face down and placed his knee on the minor child's back.

117.   Defendants' use of force in placing his knee in the minor child's back was excessive and unreasonable under the circumstances.

118.    No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the force used against J.R. was justified, reasonable or necessary.

119.    Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants did when they placed a knee in the back of a minor child and held his face down as they with J.R.

120.    Plaintiff, J.R. has suffered damages as a result of the excessive force used by Defendants in an amount to be proved at trial.

**COUNT VII**
**CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. §1983; USE OF UNNECESSARY,**
**UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF THE**
**FOURTH AMENDMENT**

121.    Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 120 above as though fully set forth herein.

122.    At all times herein, Defendants were acting under color of law and in their capacities as deputies of the Otero County Sheriff's Office.

123.    During the course of events that gave rise to this Complaint, one of the Defendants grabbed Rios, Sr. and placed him in an "arm bar".

124.    By applying an "arm bar" to Rios, Sr. the Defendants caused immediate pain to Mr. Rios, sr.

125.    Defendants' use of force in placing Rios, Sr., in an "arm bar" was excessive and unreasonable under the circumstances.

126.   No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 could have reasonably believed the force used against Rios, Sr. was justified, reasonable or necessary.

127.   Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only plainly incompetent officers or officers who were knowingly violating the law would have conducted themselves as the Defendants did when they placed Rios, Sr., in an arm bar.

128.   Plaintiff, Daniel Rios, Sr. has suffered damages as a result of the excessive force used by Defendants in an amount to be proved at trial.

**COUNT VIII**
**CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. §1983 DEFENDANTS FILED FALSE**
**REPORTS AND CRIMINAL COMPLAINTS AGAINST PLAINTIFFS IN**
**VIOLATION OF THE FIFTH AMENDMENT**

129.   Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 128 above as though fully set forth herein.

130.   At all times herein, Defendants were acting under color of law and in their capacities as deputies of the Otero County Sheriff's Office.

131.   After the Defendants violated the Plaintiffs' Fourth Amendment rights (those prohibiting unreasonable search and seizure) they attempted to conceal their misdeeds by filing false police reports and false criminal charges against all adult Plaintiffs charging them with the exact same charges; three counts of battery on a peace officer and three counts of resisting, evading and obstructing an officer and filed similar charges against the juvenile Plaintiffs.

132.   Defendants' filing false reports and criminal charges against the Plaintiffs was unreasonable, and shocks the conscience and violated their due process rights.

133.   No reasonably competent law enforcement officer, when faced with the circumstances presented by the events of July 10, 2013 would have filed false reports and false criminal charges against Plaintiffs.

134.   Defendants are not entitled to a defense of qualified immunity because their acts were obviously wrongful in light of preexisting law and only officers who were knowingly violating the law would have conducted themselves as the Defendants did when they filed their false reports and criminal charges against the Plaintiffs.

135.   Plaintiffs have suffered damages as a result of the false reports and criminal charges filed against them in an amount to be proved at trial.

## COUNT IX
## STATE TORT CLAIMS: FALSE ARREST

136.   Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs through 135 above as though fully set forth herein.

137.   Pursuant to the New Mexico Tort Claims Act, §§41-4-1 through -29, NMSA, (the "Act") the Defendants are liable for damages for enumerated torts, including assault, battery, false arrest and false imprisonment, and malicious abuse of process for their wrongful actions as described in this Complaint.

138.   On September 5, 2013, Plaintiffs provided timely written notice to the Defendants *via* certified mail return receipt requested of the claims herein in accordance with the Act.

139.   The Defendant deputies, jointly and severally, unreasonably, recklessly, knowingly, and/or intentionally placed Ms. Hernandez, Daniel Rios, Jr., and J.R. under false arrest without probable cause to arrest them for resisting evading or obstructing an officer or for battery on a peace officer. Therefore, they committed false arrest by taking

Daniel Rios, Jr., J.R. and Maria Hernandez into custody, placing them in handcuffs and transporting them to jail.

140.   Defendants' actions constitute unlawful arrest, a tort under the Act for which they are responsible in damages.

141.   The actions of the Defendants have caused damages to Daniel Rios, Jr. J.R. and Maria Hernandez in an amount to be proved at trial.

## COUNT X
## STATE TORT CLAIM: FALSE IMPRISONMENT

142.   Plaintiff re-alleges and reincorporates the allegations set forth in paragraphs 1 through 141 above as though fully set forth herein.

143.   The Defendant deputies, jointly and severally, unreasonably, recklessly, knowingly, and/or intentionally did interfere with the personal liberty or freedom of locomotion of Daniel Rios, Jr., J.R., and Maria Hernandez by seizing them, placing them in handcuffs, and transporting them to jail.

144.   Defendants' actions constitute false imprisonment, a tort under the New Mexico Tort Claims Act, for which they are responsible in damages.

145.   The actions of Defendants have caused damages to Plaintiffs in a sum to be proven at trial.

## COUNT XI
## STATE TORT CLAIM –BATTERY

146.   Plaintiffs re-allege and reincorporate the allegations set forth in paragraphs 1 through 145 above as though fully set forth herein.

147.    Defendants jointly and severally, unreasonably, recklessly, knowingly, and/or intentionally committed unlawful offensive touching of Daniel Rios, Sr., Rosa Rios, Daniel Rios, Jr., and J.R. without their consent or lawful justification.

148.    Defendants' actions constitute battery, a tort under the New Mexico Tort Claims Act, for which they are responsible for in damages.

149.    The actions of the Defendants have caused damages to the Plaintiffs in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Daniel Rios, Sr., Rosa Rios, individually and on behalf of her son J.R., Daniel Rios, Jr., Rosa Rojano, and Maria Hernandez Respectfully requests the Court grant and enter judgment as follows:

1.    Against all Defendants jointly and severally for all lawful compensatory damages, in an amount to be determined by the jury;

2.    Against the individually named Defendants, Vega, Viscarra, and Gonzales, severally, for all lawful punitive damages in amounts to be determined by the jury;

3.    Against all Defendants for reasonable costs, expenses and attorneys fees in bringing this action pursuant to 42 U.S.C. §1988;

4.    Awarding pre and post judgment interest as allowed by law; and

5.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

RUSSELL DEAN CLARK, L.L.C.


Russell Dean Clark
Attorney for Plaintiffs
P.O. Box 576
Las Cruces, NM 88004
Tel: 575-526-9000
Fax: 575-526-9800